```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION

JAMES DAY,                      }
                                }
     Plaintiff,                 }
                                }       CIVIL ACTION NO.
v.                              }       05-AR-0334-S
                                }
STEWARD MACHINE COMPANY,        }
                                }
     Defendant.                 }
```

**MEMORANDUM OPINION**

The court has before it the motion for summary judgment filed by defendant, Steward Machine Company ("Steward"), seeking summary judgment on the claim brought by plaintiff, James Day ("Day"). Day alleges that he was wrongfully terminated in violation of the Age Discrimination In Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*[1]  For the reasons to follow, the court finds that Steward's motion is due to be granted.

### *Summary Judgment Facts*[2]

Day began working in the maintenance department at Steward

---

[1] In his second amended complaint, Day also brought a retaliation claim, invoking the Employee Retirement Income Security Act ("ERISA"), 29. U.S.C. § 1001, *et seq*. The court granted Day's motion to dismiss his ERISA claim with prejudice on November 9, 2005.

[2] Summary judgment is appropriate when the moving party demonstrates that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.Pro. 56(c); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). In assessing whether the movant has met its burden, the court must view the evidence, and all inferences drawn therefrom, in the light most favorable to the nonmovant. *Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 918 (11th Cir. 1993). In accordance with this standard, this statement of facts includes both undisputed facts and, where there is a dispute, the facts according to the nonmovant's evidence, and the legitimate inferences therefrom.

in 1990.  During his years at Steward, Day and other employees were called "old man" on numerous occasions by Sammy Kelly ("Kelly"), David Shugart ("Shugart"), and Whitney Debardeleben ("Debardeleben").

Steward began to experience a downturn in business as early as the Winter of 2002, culminating in the decision to undertake a reduction in force ("RIF") in February 2004.  Because of the reduced workload, Debardeleben, President and CEO of Steward, decided to terminate two of the maintenance department employees: Day, who was 55-years old; and Billy Wayne Pitts ("Pitts"), who was 56 years-old.  Four maintenance department employees were retained: Kelly (48), the maintenance supervisor; Russ Guild (47); Joe Heavington (55); and Wade Heavington (34) on the night shift.  Before the RIF, the average age of Steward's employees was 46.5 years; afterwards, it was 44.97 years.

### *Analysis*

In the prototypical wrongful termination RIF case, the Eleventh Circuit requires evidence showing "(1) that [plaintiff] was in a protected age group and was adversely affected by an employment decision; (2) that he was qualified for his current position or to assume another position at the time of discharge or demotion; and (3) evidence by which a fact finder might reasonably conclude that the employer intended to discriminate on the basis of age in reaching the decision at issue." *Earley v.*

*Champion Int'l Corp.*, 907 F.2d 1077, 1082 (11th Cir. 1990).  The intent to discriminate can be proven by showing "either (1) that defendant consciously refused to consider retaining or relocating a plaintiff because of his age, or (2) defendant regarded age as a negative factor in such consideration." *Williams v. General Motors Corp.*, 656 F.2d 120, 130 (11th Cir. 1981).  Because Day has failed to introduce evidence satisfying the third element, his *prima facie* case is deficient, and summary judgment must be awarded to Steward.

To prove Steward's discriminatory intent, Day offers (1) the allegedly ageist comments; (2) the retention of employees in the maintenance department who were younger than Day; and (3) statistical evidence regarding the impact of the RIF on the average age of Steward's employees.  Day's claim arises out of a RIF in which both Day and Pitts were terminated from the maintenance department's day shift.  Hon. R. David Proctor of this court recently dealt with whether Pitt's claim for wrongful termination in violation of the ADEA could survive a motion for summary judgment.[3]  Because the material facts in *Pitts v. Steward Machine Co.* are indistinguishable from the facts that control Day's ADEA claim, this court adopts Judge Proctor's

---

[3] *See* Memorandum Opinion of Feb. 9, 2006, 05-CV-337.  Both Day and Pitts were originally plaintiffs in a case styled *Lee McGhee, et al. v. Steward Machine Company*, 04-CV-2349.  On February 11, 2005, the undersigned ordered that there were material differences in the ten *McGhee* plaintiffs' actions requiring them to bring their claims separately.  The instant litigation and the Pitts' litigation were generated as a result.

analysis and holding as to the third prong of Pitts' *prima facie* case.  Like Pitts, Day has introduced no evidence which would allow a rational jury to infer discriminatory intent.  Steward's motion for summary judgment is due to be granted.

### *Conclusion*

In accordance with the foregoing, Steward's motion for summary judgment will be granted in full by separate order.

DONE this 27th day of February, 2006.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE